UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT TERIO,

                                    Plaintiff(s),

                   - against -

WILLIAM J. CARLIN, JR., Commissioner of Finance
and Enforcing Officer,
GEORGE R. MICHAUD, Director of Real Property
Service, &
GARY M. RITCHIE, Chairman Assessor

                                    Defendant(s).

10 Civ. 3201 (CS) (PED)

**REPORT AND
RECOMMENDATION**

TO:   **THE HONORABLE CATHY SEIBEL,
      UNITED STATES DISTRICT JUDGE**

## I. INTRODUCTION

Plaintiff Vincent Terio ("Plaintiff"), proceeding *pro se,* brings this action under 42

U.S.C. § 1983 against Defendants William J. Carlin, Jr., Commissioner of Finance and

Enforcing Officer ("Carlin"), George R. Michaud, Director of Real Property Service

("Michaud"), and Gary M. Ritchie, Chairman Assessor ("Ritchie") of the Town of Philipsburg in

the County of Putnam, in their individual and official capacities at the time of the incidents

giving rise to this action (collectively, "Defendants").  Plaintiff alleges that the assessment of,

and levied against, property located in Putnam County, and subsequent state foreclosure

proceedings involving that property, have violated his due process and equal protection rights

under the Fifth and Fourteenth Amendments to the United States Constitution.  In addition to

compensatory and punitive damages, Plaintiff's amended complaint seeks both declaratory and

injunctive relief.

1

Presently before the Court are Defendants' motions to dismiss the action. (Docket Nos. 29, 32). Defendants argue the Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, and related principles of comity. (Defs'. Mem. on Behalf of Defs. Carlin & Michaud in Supp. of Mot. to Dismiss 4-6 (hereinafter "Defs. Carlin & Michaud Mem."); Def.'s Mem. on Behalf of Def. Ritchie in Supp. of Mot. to Dismiss Pl.'s Compl. Pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(1), (6), at 3-5 (hereinafter "Def. Ritchie Mem.")). Defendants also claim that the amended complaint fails to state a claim for which relief can be granted, (Defs. Carlin & Michaud Mem. 6-7; Def. Ritchie Mem. 6), and that *res judicata* applies to bar Plaintiff from litigating his claims, (Defs. Carlin & Michaud Mem. 7-8; Def. Ritchie Mem. 2-3). Defendant Ritchie additionally argues that dismissal on the pleadings is proper under Federal Rule 8(a)(2) because Plaintiff's complaint and amended complaint "do not provide notice of the alleged wrong and, in any event, fail to state a cognizable claim." (Def. Ritchie Mem. 6). Finally, Defendants Carlin and Michaud also argue that any state law claim must be dismissed for Plaintiff's failure to file a Notice of Claim within the statutory time period of ninety days. Defs. Carlin & Michaud Mem. 9); see N.Y. Gen. Mun. L. § 50-e (McKinney 2007).

This matter comes before the undersigned pursuant to an Order of Reference for All Purposes, dated April 26, 2010. (Docket No. 4). Plaintiff filed an opposition to the motions to dismiss on July 27, 2010. (Docket No. 34). Defendants filed replies on August 20, 2010 and August 24, 2010. (Docket Nos. 35-36). I heard oral argument on September 17, 2010. For the reasons set forth below, I respectfully recommend that Defendants' motions to dismiss be GRANTED and this case DISMISSED.

2

## II. FACTS

This action arises as a result of taxes assessed against parcels of real property located in Putnam County, New York, for years ranging between 1998 through 2010. (Am. Compl. ¶ 13). Plaintiff alleges that Defendants have wrongfully subdivided the property into four separate parcels, reassessed this property, and taxed Plaintiff on its value throughout this period (see id.; Pl.'s Opp. & Aff. Papers to Defs'. Mot. to Dismiss Pl.'s Am. Compl. Pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(1), (6), at ¶ 12 (hereinafter "Pl.'s Opp.")).[1] Plaintiff asserts these actions have culminated into three separate state tax foreclosure actions that were held in New York State Supreme Court, Putnam County, in 2002, 2007, and 2009, after the taxes went unpaid. (Am. Compl. ¶ 15; Pl.'s Opp. ¶¶ 3, 7, 11). Plaintiff appears to acknowledge that he owns five acres of vacant real property at the location in question, however, he alleges he is not the owner of the four lots as they have now been subdivided. (Am. Compl. ¶¶ 13(a), 26). Plaintiff alleges the state court lacked personal jurisdiction over him during the foreclosure proceedings, (id. ¶¶ 3(a), 15, 19, 21; Pl.'s Opp. ¶¶ 3, 7, 11), and specifically, that the 2007 state court proceeding was dismissed after a title search revealed that Plaintiff was not the record owner of the taxed parcels, (see Am. Compl. ¶ 15(c), Ex. B; Pl.'s Opp. ¶¶ 5, 9, 11). Plaintiff asserts that Defendants have

---

[1]     The scope of a *pro se* plaintiff's claims may properly be ascertained by reference to his or her other docketed filings. See Li-Lan Tsai v. Rockefeller Univ., 137 F. Supp. 2d 276, 280 (S.D.N.Y. 2001) ("[b]ecause plaintiff is proceeding pro se, the factual allegations raised in Plaintiff's Opposition to Defendant's Motion to Dismiss . . . will be treated as part of her Complaint") (citing Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering pro se plaintiff's affidavit); Donohue v. United States Dep't of Justice, 751 F. Supp. 45, 49 (S.D.N.Y. 1990) ("The policy reasons favoring liberal construction of pro se pleadings warrant the Court's consideration of the allegations contained in plaintiffs' memorandum of law, at least where those allegations are consistent with the allegations in the complaint.")). The Court has also considered Plaintiff's statements at oral argument in deciphering Plaintiff's claims.

repeatedly taxed the property, billed the Plaintiff, and initiated in rem foreclosure proceedings. (See Pl.'s Opp. ¶ 9 (Plaintiff stating he paid "Under Protest" an "illegal taxation" of the four parcels)). Plaintiff asserts that as a result of Defendants' actions, Plaintiff has been denied due process and equal protection of the law pursuant to 42 U.S.C. § 1983, and seeks declaratory, injunctive, compensatory, and punitive relief. (Am. Compl. ¶¶ 4(c), 18, 20, 38). In addition to these purported federal claims, the amended complaint asserts what are styled causes of action for "Deceptive Real Property Tax Lien," "Defendant Fraudulently Created Four Parcels From the Plaintiff's Five Acres of Vacant," and "Fraudulent Tax Lien Liens [There Are Three] Misrepresents Regarding Unauthorized Use."

Plaintiff commenced a previous federal action against the same defendants (and others) in 2005. Complaint, Terio v. Carlin, No. 05 Civ. 3797 (CLB) (S.D.N.Y. Apr. 13, 2005) (annexed to Randazzo Decl. Ex. C (Docket No. 31)). The Honorable Charles L. Brieant, U.S.D.J., dismissed that action with prejudice on grounds including failure to prosecute and lack of subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341. Mem. & Order, Terio v. Carlin, No. 05 Civ. 3797 (annexed to Randazzo Decl. Ex. C).

### III. JURISDICTION

This court has jurisdiction over equal protection and due process claims brought under the United States Constitution pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. However, for the reasons set forth below, this court has been divested of jurisdiction over Plaintiff's claims – which challenge local tax assessment and enforcement proceedings – by the Tax Injunction Act, 28 U.S.C. § 1341, and related principles of comity.

### IV. DISCUSSION

4

A.      **Standard for Dismissal Under Rule 12(b)(1)**

Although Defendants raise several grounds for dismissal in their motions, "[d]etermining

the existence of subject matter jurisdiction is a threshold inquiry . . . ." <u>Arar v. Ashcroft</u>, 532

F.3d 157, 168 (2d Cir. 2008).  "Customarily, a federal court first resolves any doubts about its

jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of

the case." <u>Cantor Fitzgerald v. Peaslee</u>, 88 F.3d 152, 155 (2d Cir. 1996).  Accordingly, I address

the issue of subject matter jurisdiction, in light of the Tax Injunction Act, as presented by

Defendants and as discussed below.  Because I conclude that this Court lacks subject matter

jurisdiction, I have not addressed the other grounds for dismissal raised by Defendants.

When reviewing a complaint upon a motion to dismiss for lack of subject matter

jurisdiction  pursuant to Rule 12(b)(1), the Court must accept as true all of the complaint's well-

pleaded factual allegations and should construe all ambiguities and draw all inferences in favor

of the plaintiff. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).  "A case is

properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district

court lacks the statutory or constitutional power to adjudicate it." <u>Id.</u>  A plaintiff asserting

subject matter jurisdiction bears the burden of proof. <u>Arar</u>, 532 F.3d at 168; <u>Makarova</u>, 201 F.3d

at 113.  Because Plaintiff appears <u>pro se</u>, the Court is also required to "construe the <u>pro se</u>

pleadings broadly, and interpret them to raise the strongest arguments that they suggest." <u>Cruz</u>

<u>v. Gomez</u>, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks and citation omitted).

B.      **The Tax Injunction Act and Principles of Comity**

Defendants argue that all of Plaintiff's claims are barred by the Tax Injunction Act and

related principles of comity.  The Tax Injunction Act provides that "[t]he district courts shall not

5

enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Moreover, "the principle of comity . . . prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court." Bernard v. Village of Spring Valley, 30 F.3d 294, 297 (2d Cir. 1994). Together, the statute and principles of comity deprive a federal court of jurisdiction over state tax matters when adequate state remedies exist. See, e.g., Schulz v. Williamson, 145 Fed. Appx. 704, 705 (2d Cir. 2005);[2] Bernard, 30 F.3d at 297-98; Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989). The Tax Injunction Act applies to state, local, and municipal taxes. See Izzo v. City of Syracuse, 2000 WL 1222014 at *3, n.3 (N.D.N.Y. Aug. 3, 2000), aff'd 11 Fed. Appx. 31 (2d Cir. 2001); see also Long Island Lighting, 889 F.2d at 429-33 (Tax Injunction Act and principles of comity bar federal challenge to municipal taxes imposed by town); VJG Realty Corp. v. City of New York, 1990 WL 80036 at *3 (S.D.N.Y. June 7, 1990) (in rem foreclosure proceedings used to collect city and local taxes fall under the ambit of the Tax Injunction Act).

In his amended complaint, Plaintiff seeks injunctive relief, declaratory relief, and damages (both compensatory and punitive), including, specifically, damages under 42 U.S.C. § 1983. However, so long as the remedy afforded by state law is adequate, the Tax Injunction Act and principles of comity  bar federal injunctive challenges to state and local tax laws and assessment decisions in federal courts, prohibit a district court from granting declaratory relief by holding state tax laws unconstitutional, and bar federal courts from granting damages in state tax cases. See, e.g., Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 297 (1943);

---

[2]      Copies of unreported cases cited herein are being mailed to Plaintiff. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

6

Kraebel v. New York City Dep't of Hous. Preservation, 959 F.2d 395, 400 (2d Cir. 1992) (citing

Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 105, 116 (1981)); Long Island

Lighting, 889 F.2d at 431.[3]

Plaintiff in this case has not met his burden, either through his written submissions or at

oral argument, to show why, in his case, the Tax Injunction Act should not apply, and therefore

why this court has jurisdiction over his claims.  Plaintiff's contention that he has been deprived

of his constitutional rights as a result of being taxed on his reassessed and subdivided land is an

argument properly left to the state courts to address.

Accordingly, the amended complaint must be dismissed for lack of subject matter

jurisdiction.[4]

## C.    State Law Claims

Plaintiff's amended complaint also appears to assert state law claims alleging fraud.

(See, e.g., Am. Compl. ¶ 25 et seq.).  However, because this Court lacks subject matter

---

[3]    Although Plaintiff has not challenged the adequacy of state remedies, I note that it is well settled that "the remedies available in New York state courts are sufficient to protect [a taxpayer's] rights.  The test is whether a state will provide 'a full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.'" Moore v. Trippe, 743 F. Supp. 201, 210 (S.D.N.Y. 1990) (quoting Long Island Lighting, 889 F.2d. at 431).  Plaintiff's claims that his land was wrongfully subdivided and reassessed can be adequately remedied under New York State law.  See VJG Realty, 1990 WL 80036, at *3 (holding that a federal injunction to stop municipality from foreclosing on real property for unpaid taxes was barred by the Tax Injunction Act, and noting the various procedural remedies available under New York law that would provide adequate remedies).

[4]    Because I recommend that this case be dismissed for lack of subject matter jurisdiction, I do not reach Defendants' alternative contentions that Plaintiff's amended complaint should be dismissed because it fails to state a due process or an equal protection claim, or because of res judicata.  In the event that Your Honor disagrees with this recommendation, I request that Your Honor remand the case to the undersigned for analysis of these alternative grounds for dismissal.

jurisdiction over Plaintiff's federal claims, this Court should decline to exercise supplemental

jurisdiction over any remaining state law claims.  See Cave v. E. Meadow Union Free Sch. Dist.,

514 F.3d 240, 250 (2010) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726

(1966)); Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998) (citing 28

U.S.C. § 1367; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

**D.     Dismissal With Prejudice**

Under the Federal Rules of Civil Procedure, leave to amend a complaint should be

"freely given when justice so requires." Fed. R. Civ. P. 15(a).  Ordinarily, when a federal claim

is dismissed at an early stage, a federal court should dismiss the case without prejudice.

Carnegie-Mellon, 484 U.S. at 350.  Additionally, when the plaintiff appears *pro* se, Courts

"should not dismiss without granting leave to amend at least once where a liberal reading . . .

gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416

(2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).  However, "leave to

amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336

F.3d 114, 127 (2d Cir. 2003).

As noted above, however, this Plaintiff filed a previous federal action against these same

defendants seeking relief based on the assessment of, and taxes assessed against, the same plots

of land, and that action was dismissed by Judge Brieant pursuant to the Tax Injunction Act.  See

Mem. & Order, Terio v. Carlin, No. 05 Civ. 3797 (annexed to Randazzo Decl. Ex. C).  In his

2005 Order, Judge Brieant aptly described Plaintiff as "an experienced *pro se* litigant, id., and it

is fair to conclude that the dismissal of that earlier action placed Plaintiff on notice of the

limitations imposed by the Tax Injunction Act. See Sledge v. Kooi, 564 F.3d 105, 109-110 (2d

Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with

8

knowledge of particular legal requirements). Moreover, Plaintiff failed to address the

jurisdictional issue in any meaningful way in his opposition papers, and at oral argument, despite

being placed on notice by the Defendants' motions to dismiss. Accordingly, I respectfully

recommend that Your Honor should conclude that granting Plaintiff leave to amend his

complaint would be futile, and that the amended complaint should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, I conclude – and respectfully recommend that Your Honor

should conclude – that Defendants' motions to dismiss should be GRANTED and the case

DISMISSED WITH PREJUDICE.[5]

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the

parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV.

P. 6(d), or a total of seventeen (17) days, see FED. R. CIV. P. 6(a), from the date hereof, to file

written objections to this Report and Recommendation. Such objections, if any, shall be filed

with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy

Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601,

---

[5]     Plaintiff has also filed what is styled a "Motion for Removal and Consolidation." (Docket No. 13). However, Plaintiff has not identified the action he seeks to have removed, nor has he provided copies of "all process, pleadings, and orders served" in any such action. 28 U.S.C. § 1446(a). On June 11, 2010, I granted Defendant's request to defer ruling on Plaintiff's motion until after determination of the instant motion to dismiss. (Docket No. 17).
    At oral argument, Plaintiff explained that he does not seek to remove an action to federal court, but instead seeks an order directing production of records from the underlying foreclosure action so that he can prove his claims in this court. In view of the disposition recommended herein, Plaintiff's motion is moot.

and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: September 24, 2010
　　　　White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Cathy Seibel
United States Courthouse
300 Quarropas Street
White Plains, New York  10601

Vincent Terio, *pro se*
Post Office Box 131
Fishkill, NY 12582

James A. Randazzo, Esq.
Gelardi & Randazzo, LLP
800 Westchester Ave.
SUITE S-608
Rye Brook, NY 10573

Adam Lawrence Rodd
Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd, PLLC
555 Hudson Valley Avenue
Suite 100

10

New Windsor, NY 12553