UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VINCENT TERIO,

                Plaintiff,

-against-

WILLIAM J. CARLIN, *et al.*,

                Defendants.
-------------------------------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION

10-CV-3201 (CS) (PED)

Seibel, J.

    Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, (Doc. 39), Plaintiff Vincent Terio's Objections thereto, (Doc. 40), Defendants' opposition to those Objections, (Doc. 43), and Plaintiff's reply to that opposition, (Doc. 42). Magistrate Judge Davison recommended that I dismiss Plaintiff's federal claims for lack of subject matter jurisdiction, decline to exercise supplemental jurisdiction over his state claims, and deny leave to amend. Familiarity with prior proceedings is presumed.

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

    Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R.

Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b), advisory committee note.

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted).[1] "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

In this case, the only arguments in the Objections even arguably directed toward the R&R (as opposed to the underlying merits of the state foreclosure litigation) appear at pages 8–9 in paragraphs 5(b)–(f) and on pages 10–11 in paragraph 8. Plaintiff's argument appears to be that the Tax Injunction Act ("TIA") and related principles of comity do not bar the exercise of subject matter jurisdiction in the instant case because the state court itself lacked jurisdiction and did not, in Plaintiff's view, reach a valid or correct result. Although I cannot quite discern why Plaintiff believes that the state court lacked jurisdiction, I will assume for the sake of argument

---

[1] Copies of unreported decisions cited in this opinion will be provided to Plaintiff.

that it did. The TIA and related principles of comity still bar the instant case, because the TIA applies if adequate state *procedures* exist for the taxpayer to challenge state action. Its applicability does not depend on whether the state court in fact reaches the correct decision. *See Gass v. Cnty. of Allegheny, PA*, 371 F.3d 134, 139 (3d Cir. 2004) ("The [TIA] does not require that the state courts provide a favorable outcome; instead it only requires access to the state courts and an opportunity for meaningful review."); *Lussier v. Florida, Dep't of Highway Safety & Motor Vehicles*, 972 F. Supp. 1412, 1422 (M.D. Fla. 1997) (issue is "whether the state has created a forum in which a taxpayer can raise his or her federal claims, not whether the state court will provide the substantive result that a plaintiff desires"); *see also Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981) ("On its face, the 'plain, speedy and efficient remedy' appears to require a state-court remedy that meets certain minimal *procedural* criteria.") (emphasis in original); *Long Island Lighting Co. ("LILCO") v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) ("A state need only provide a full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax.") (internal quotation marks omitted) (alteration in original).[2] Thus, the fact that the state court may have erred does not assist Plaintiff in overcoming the bar of the TIA or related principles of comity. In any event, if indeed the state court acted in excess of its jurisdiction, Plaintiff has not explained why state appellate remedies would not have been available to him. Accordingly,

---

[2] It is well settled that the courts of the State of New York provide adequate remedies that afford plaintiffs an opportunity to raise all constitutional objections to the taxes imposed and the methods employed to collect them. *See, e.g., Schulz v. Williamson*, 145 F. App'x 704, 705 (2d Cir. 2005) (New York remedy sufficient under TIA to divest federal court of jurisdiction over claim aimed at allegedly wrongful foreclosure by county); *Bernard v. Vill. of Spring Valley*, 30 F.3d 294, 297–98 (2d Cir. 1994) (New York provided adequate remedies for plaintiff's claim that property tax assessment violated its constitutional rights); *LILCO*, 889 F.2d at 431–32 (same).

exercising *de novo* review, I find that Judge Davison correctly concluded that the TIA and related principles of comity apply here to bar the federal claim.

Plaintiff has not addressed Judge Davison's recommendation that I not permit Plaintiff to amend his Complaint further. I therefore review that recommendation for clear error, and find none. Even if I were reviewing that recommendation *de novo*, I would reach the same conclusion. Plaintiff has already amended once. He does not seek leave to amend or otherwise suggest he is in possession of facts that, if included in his Complaint, would affect the outcome. And it is hard to imagine how any fact he might add could undermine the well-settled law dictating that for the issues he wishes to raise, resort may be had only to the state courts. Accordingly, I decline to permit further amendment and dismiss Plaintiff's federal claims with prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

Plaintiff also has not addressed Judge Davison's recommendation that I decline to exercise supplemental jurisdiction over Plaintiff's apparent state law claims. There is no clear error in that recommendation, and I would reach the same conclusion even under *de novo* review. The "traditional 'values of judicial economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having dismissed all federal claims with prejudice, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims, to the extent any are stated, and dismiss them without prejudice. *See id.* (citing 28 U.S.C. § 1367(c)(3)).

For the reasons stated above, the R&R is adopted as the decision of the Court. Defendants' motions to dismiss (Docs. 29, 32) are GRANTED. Leave to amend the Complaint

will not be granted. The federal claims are dismissed with prejudice, and the state claims, to the extent they are stated, are dismissed without prejudice. Plaintiff's "Motion for Removal and Consolidation Pursuant to 28 U.S.C. Sec. 1441(a)," (Doc. 13), is denied as moot in light of the instant decision, and because Plaintiff apparently does not in any event seek to remove any state case to this Court. *See* R&R at 9 n.5. The Clerk is respectfully directed to terminate the pending motions, (Docs. 13, 29, 32), and close the case.

SO ORDERED.

Dated: October 18, 2010
       White Plains, New York

                                                _____
                                                CATHY SEIBEL, U.S.D.J.